**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FRANK TEMPERINO,

                  Plaintiff,                              **MEMORANDUM**
                                                                           **OF DECISION &**
                -against-                              **ORDER**

COMMISSIONER OF SOCIAL SECURITY,          22-CV-376(GRB)

                  Defendant.
-----------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

      In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq*. (the "Act"), plaintiff challenges final determinations by the Commissioner of the Social Security Administration that he was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. DE 12 and 16.

      The plaintiff, at age 27, was previously employed as a highway maintenance worker and construction worker, but now suffers from spinal impairments, with associated neuropathy and migraine headaches, that the ALJ found prevents his return to this previous employment. Tr. 12-21.[1] A panoply of relatively minor medical issues has little effect on this matter. *Id*. The ALJ carefully examined the extensive record presented and determined that the plaintiff could

---

[1]References to "Tr." are to the Transcript of the Administrative Record filed in this case.

perform certain light work, including several positions that existed in substantial numbers in the national economy.[2] *Id*. at 15-22.

In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and the weight accorded to medical sources. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 218 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

Furthermore, the central evidentiary questions are brought into focus by the parties' contention statements, a practice implemented by the undersigned's Individual Practice Rules, as further discussed in *Madigan v. Comm'r of Soc. Sec.*, No. 20-CV-445 (GRB), 2021 WL 956178, at *2 (E.D.N.Y. Mar. 15, 2021), and incorporated herein by reference. Principally, counsel for plaintiff contends that the ALJ failed to properly weigh various physicians' opinions. Plaintiff's objections, however, constitute little more than quarrelling with word choices, and counsel's suggestion that more information was required from certain physicians does not prove persuasive.

In considering the record as a whole, the ALJ's opinion is amply supported by substantial evidence. *Zacharopoulos*, 516 F. Supp. 3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore,

---

[2] Unlike several cases examined by this Court, the alternative vocations considered here – router, sales attendant and furniture rental consultant – constitute occupations that are not obviously obsolete. *Compare Wagner v. Comm'r of Soc. Sec.,* No. 21-CV-3627 (GRB), 2022 WL 3346430 at *1 (E.D.N.Y. 2022) (rejecting reliance on photo development counter clerk position); *Zacharopoulos,* 516 F. Supp. 3d at 221(condemning "unblinking acceptance" of conclusory vocational expert testimony regarding microfilm document preparer positions).

2

the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'") (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013)).  Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and the Plaintiff's motion is denied.  The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
      February 28, 2023

                                                         /s/ Gary R. Brown
                                                         GARY R. BROWN
                                                         United States District Judge